IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CR-00078-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CRANSTON LAMONT ANDREWS, JR. | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion to Address and Preserve [DE-32] and Motion to Appoint Counsel [DE-37].

In his Motion to Address and Preserve, Defendant argues that he is entitled to relief pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). Because it appears Defendant is attacking the validity of his sentence and/or conviction, the appropriate avenue to bring this challenge is by way of a § 2255 motion.[1] To the extent that Defendant seeks to file a § 2255 motion, he must file it on the appropriate form. The Clerk of Court hereby is DIRECTED to send a copy of the appropriate § 2255 form to Defendant. If Defendant elects to pursue a § 2255 motion, he shall have twenty-eight days within which to file his motion on the appropriate § 2255 form provided by the Clerk. Defendant should send the original of the § 2255 form to the following address:

---

[1] Title 28 Section 2255 states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Clerk of Court
United States District Court, E.D.N.C.
ATTN: Prisoner Litigation Division
P.O. Box 25670
Raleigh, North Carolina 27611

With respect to his Motion to Appoint Counsel, Defendant was entitled to have counsel review his case pursuant to Standing Order No. 11-SO-3 (E.D.N.C. Oct. 18, 2011). In this case, counsel was appointed for this limited purpose, and on September 11, 2012, attorney Jason R. Harris entered a Notice of Limited Appearance [DE-34]. Shortly thereafter, Harris filed a Motion to Withdraw [DE-35].[2] The court allowed Harris to withdraw. Finding that Defendant was previously provided with appointed counsel pursuant to Standing Order No. 11-SO-3, Defendant's Motion to Appoint Counsel is DENIED.

In light of the foregoing, Defendant's Motion to Address and Preserve [DE-32] must be filed on the appropriate form if Defendant is attempting to file a § 2255 motion, and Defendant's Motion to Appoint Counsel [DE-37] is DENIED.

SO ORDERED.

This _1st_ day of August 2014.

_James C. Fox_
JAMES C. FOX
SENIOR UNITED STATES DISTRICT JUDGE

---

[2]In his Motion to Withdraw, Harris states he reviewed Defendant's case and advised Defendant that he did not intend to file any motions on his behalf. Standing Order No. 11-SO-3 provides that the appointment is limited to cases affected or potentially affected by *Simmons*, and will terminate upon a determination by appointed counsel that the defendant is not eligible for relief.